# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

TAJIKAH U. ABDUL-KARIM,

    Plaintiff,

vs.                                  Case No. 3:18-cv-1207-J-34JBT

WILKINSON & SONS PLASTERING INC.,

    Defendant.
_____/

## O R D E R

**THIS CAUSE** is before the Court sua sponte. Federal courts are courts of limited jurisdiction and therefore have an obligation to inquire into their subject matter jurisdiction. See Kirkland v. Midland Mortgage Co., 243 F.3d 1277, 1279–80 (11th Cir. 2001). This obligation exists regardless of whether the parties have challenged the existence of subject matter jurisdiction. See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking."). "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." Baltin v. Alaron Trading, Corp., 128 F.3d 1466, 1469 (11th Cir. 1997).

Plaintiff Tajikah U. Abdul-Karim initiated this action in state court on October 18, 2017. See Notice of Removal in Pursuant to the Jurisdiction and Removal Act of 1875 (Doc. 1; Notice), Ex. 1. On February 20, 2018, Plaintiff filed the Amended Complaint, in

state court, against Defendant Wilkinson & Sons Plastering Inc. See Notice, Ex. 2: Amended Complaint. In the Amended Complaint, Plaintiff alleges that Defendant is responsible for damage she sustained in an automobile accident. See Notice, Ex. 2. On October 12, 2018, Plaintiff filed her Notice of Removal notifying the Court of her intent to remove this action to the United States District Court for the Middle District of Florida. See Notice at 1. However, upon review, Plaintiff fails to allege any basis for this Court's subject matter jurisdiction over the action.

Plaintiff appears to premise removal of this case on her contention that it involves a matter of federal law. See Notice at 1. Although Plaintiff argues that the state court is biased against her and violating her Fourteenth Amendment rights, this is merely the reason she seeks a different forum, not the basis of her underlying claim. See id. at 2. Rather, in the Amended Complaint, Plaintiff alleges a single state law claim for negligence, and as such, the Court lacks federal question jurisdiction over this case. See Notice, Ex. 2: Amended Complaint at 2-3. Plaintiff does not invoke any other basis for the Court's subject matter jurisdiction. Although it may be possible to establish diversity jurisdiction over this action, see 28 U.S.C. § 1332, Plaintiff fails to allege sufficient facts to establish the citizenship of the parties. Specifically, Plaintiff fails to identify her state of citizenship,[1] nor does she identify Defendant's state(s) of incorporation and principal place of business. See 28 U.S.C. § 1332(c)(1). Accordingly, the Court will afford Plaintiff an opportunity to

---

[1] Although Plaintiff alleges that she "resided" in Jacksonville, Florida, this assertion is insufficient. To establish diversity over a natural person, a complaint must include allegations of the person's citizenship, not where he or she resides. See Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994). A natural person's citizenship is determined by his or her "domicile," or "the place of his true, fixed, and permanent home and principal establishment . . . to which he has the intention of returning whenever he is absent therefrom." McCormick v. Aderholt, 293 F.3d 1254, 1257-58 (11th Cir. 2002) (quotation and citation omitted). Accordingly, "[c]itizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person." Taylor, 30 F.3d at 1367 (emphasis supplied); see also Miss. Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48 (1989) ("'[d]omicile' is not necessarily synonymous with 'residence'").

provide the Court with sufficient information to establish the citizenship of the parties, and this Court's diversity jurisdiction over the instant action.

In addition, the Court notes that removal of civil actions from state court to federal court is governed by 28 U.S.C. § 1441. Pursuant to this statute,

> [e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed <u>by the defendant or the defendants</u>, to the district court of the United States for the district and division embracing the place where such action is pending.

<u>See</u> 28 U.S.C. § 1441(a) (emphasis added). Pursuant to the plain language of the statute, Congress has restricted the right of removal solely to defendants. <u>See</u> <u>Shamrock Oil & Gas Corp. v. Sheets</u>, 313 U.S. 100, 104-09 (1941). Because Plaintiff, not Defendant, attempted to affect a removal here, the removal is not authorized under the statute. However, it is unclear whether removal by an unauthorized party is a jurisdictional defect or a waivable, procedural defect. <u>Compare</u> <u>Hamilton v. Aetna Life & Cas. Co.</u>, 5 F.3d 642, 644 (2d Cir. 1993) (finding plaintiff's removal of his own case was a procedural defect that had been waived), <u>USA Satellite & Cable, Inc. v. Glen Health & Home Mgmt., Inc.</u>, No. 14 C 10249, 2015 WL 1185478, at *2-3 (N.D. Ill. Mar. 11, 2015) (finding removal by an unauthorized party was a procedural defect), and <u>Roger Ward—San Antonio Inc. v. Miles</u>, No. CIV.A. 3:02-cv-354-R, 2002 WL 1592645, at *1-2 (N.D. Tex. July 18, 2002) <u>with</u> <u>Rainer ex rel. Jenkins v. York Plaza Truck, Inc.</u>, No. 7:10-cv-535-TMP, 2010 WL 11562087, at *3 n.3 (N.D. Ala. May 28, 2010) ("Because Congress has limited the right to removal to 'defendants,' attempted removal by a non-party is jurisdictional in nature, and not a mere defect in the removal procedure."); <u>Friddle v. Hardee's Food Sys., Inc.</u>, 534 F. Supp. 148, (D. Ark. 1981) (finding improper removal by a third-party defendant was a jurisdictional

defect and remanding <u>sua</u> <u>sponte</u>). Accordingly, in an abundance of caution, the Court will not remand the matter <u>sua</u> <u>sponte</u> at this time.[2] If it so chooses, Defendant may file a motion to remand the matter to state court on or before November 13, 2018. If Defendant fails to file a motion to remand, such failure may be construed as a waiver of any right to challenge the removal of this case. In light of the foregoing, it is

**ORDERED**:

1. Plaintiff shall have up to and including **November 1, 2018**, to provide the Court with sufficient information so that it can determine whether it has subject matter jurisdiction over this action. Failure to do so in a timely and satisfactory manner will result in the remand of this action for lack of subject matter jurisdiction.

2. Defendant shall have up to and including **November 13, 2018**, to file a motion to remand, if it so chooses.

**DONE AND ORDERED** in Jacksonville, Florida on October 19, 2018.

MARCIA MORALES HOWARD
United States District Judge

lc11
Copies to:

Counsel of Record
Pro Se Parties

---

[2] A "district court may not <u>sua</u> <u>sponte</u> remand a case based upon a procedural defect. See <u>Yusefzadeh v. Nelson, Mullins, Riley & Scarborough, LLP</u>, 365 F.3d 1244, 1245 (11th Cir. 2004) (per curiam). Accordingly, while the Court may remand <u>sua</u> <u>sponte</u> for lack of subject matter jurisdiction, the Court "must wait for a party's motion before remanding a case based on [a] procedural defect" in the removal process. <u>Whole Health Chiropractic & Wellness, Inc. v. Humana Med. Plan, Inc.</u>, 254 F.3d 1317, 1320-21 (11th Cir. 2001). However, a party may waive such procedural defects by failing to move to remand within thirty days of the removal. <u>See id.</u>; <u>see also</u> 28 U.S.C. § 1447(c).