**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

TAJIKAH U. ABDUL-KARIM,

    Plaintiff,

vs.                                          Case No. 3:18-cv-1207-J-34JBT

WILKINSON & SONS PLASTERING INC.,

    Defendant.
_____/

## **O R D E R**

**THIS CAUSE** is before the Court on Plaintiff's Response to Order Given on October 19, 2018 (Doc. 9; Response), filed on October 31, 2018. Plaintiff Tajikah U. Abdul-Karim initiated this action in state court on October 18, 2017. See Notice of Removal in Pursuant to the Jurisdiction and Removal Act of 1875 (Doc. 1; Notice), Ex. 1. On February 20, 2018, Plaintiff filed the Amended Complaint, in state court, against Defendant Wilkinson & Sons Plastering Inc. See Amended Complaint (Doc. 7). In the Amended Complaint, Plaintiff alleges that Defendant is responsible for damage she sustained in an automobile accident. See Amended Complaint at 2-3. On October 12, 2018, Plaintiff filed her Notice of Removal notifying the Court of her intent to remove this action to the United States District Court for the Middle District of Florida. See Notice at 1. Upon review of the Notice, the Court found that Plaintiff failed to allege a basis for the Court's subject matter jurisdiction over this action and entered an Order explaining the deficiencies in the Notice. See Order (Doc. 6), entered October 19, 2018. In the Order, the Court explained that the negligence claim alleged in the Amended Complaint does not arise under federal law such that this Court lacks federal

question jurisdiction. Id. at 2. However, the Court noted that "it may be possible to establish diversity jurisdiction over this action . . . ." Id. The Court stated that it could not determine whether or not diversity jurisdiction existed over this action because the Notice and Amended Complaint do not include any information as to the citizenship of the parties. Id. at 2. Accordingly, the Court provided Plaintiff with the opportunity to file additional information sufficient "to establish the citizenship of the parties, and this Court's diversity jurisdiction over the instant action." Id. at 2-3. The instant Response followed.[1]

In the Response, Plaintiff appears to contend that this Court has diversity jurisdiction over this action. See Response at 1. In support, Plaintiff asserts that the amount in controversy exceeds $75,000, and that she is a citizen of Florida. Id. As to Defendant Wilkinson & Sons Plastering, Inc., Plaintiff alleges that it is "a corporation and is subject to personal jurisdiction in Florida because it operates and conducts business within this state." Id. However, as the Court explained in its prior Order, to establish Defendant's citizenship, Plaintiff must identify its "state(s) of incorporation and principal place of business." See Order at 2 (citing 28 U.S.C. § 1332(c)(1)). Thus, despite being given an opportunity to do

---

[1] In the October 19, 2018 Order, the Court also observed that the removal statute does not authorize a plaintiff to remove a case to federal court. See Order at 3-4. Because it is unclear whether this error is procedural or jurisdictional, in an abundance of caution, the Court provided Defendant with an opportunity to move for remand on this basis. Id. at 4. On November 7, 2018, Defendant filed Defendant-Appellant's Opposition to Plaintiff-Appellee's Notice of Removal and Motion to Remand (Doc. 10; Motion to Remand). Upon review, the Court finds that the Motion to Remand is due to be stricken as it fails to contain a memorandum of law as is required by Local Rule 3.01(a), United States District Court, Middle District of Florida.

However, even if the Court were to consider the Motion to Remand, it fails to address any of the pertinent jurisdictional issues. Inexplicably, Defendant fails to seek remand for the reasons stated in the Court's prior Order. See generally Motion to Remand. Instead, Defendant argues that remand is warranted because the Court does not have federal question jurisdiction over this action. Id. at 1-2. However, as is evident from the Court's prior Order, the lack of federal question jurisdiction does not end the matter, as the Court must consider whether it has diversity jurisdiction over this action. See Order at 2. Despite the Court's specific identification of this issue, Defendant fails to address diversity jurisdiction in its Motion to Remand, and provides the Court with no information as to its citizenship. Thus, the Court finds the Motion to Remand to be wholly inadequate.

so, Plaintiff has still failed to establish this Court's subject matter jurisdiction over this action.[2] Accordingly, as Plaintiff has failed to meet her burden of establishing subject matter jurisdiction, the Court finds it appropriate to remand this action to state court pursuant to 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction. See Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004) ("A party removing a case to federal court based on diversity of citizenship bears the burden of establishing the citizenship of the parties."); see also Trutie v. Rep. Nat'l Distributing Co., L.L.C., 718 F. Supp. 2d 1350, 1351 (S.D. Fla. 2010). In light of the foregoing, it is

**ORDERED**:

1. Defendant-Appellant's Opposition to Plaintiff-Appellee's Notice of Removal and Motion to Remand (Doc. 10) is **STRICKEN**.

2. The Clerk of the Court is directed to **REMAND** this case to the Circuit Court of the Fourth Judicial Circuit in and for Duval County, Florida, and to transmit a certified copy of this Order to the clerk of that court.

---

[2] Indeed, the Court notes that diversity jurisdiction is in fact lacking in this case. Pursuant to the corporate records on file with the Division of Corporations within the Florida Department of State, of which the Court takes judicial notice, Wilkinson & Sons Plastering, Inc. is a Florida Corporation with its principal place of business in Florida. See Articles of Incorporation of Wilkinson and Sons Plastering, Inc., filed on June 12, 2002, and Annual Report, filed on September 28, 2018, available at https://dos.myflorida.com/sunbiz/search (under "Search by," select "Name" and enter the name of the corporation); see also Rule 201(b)(2), Federal Rules of Evidence (permitting the Court to take judicial notice of a fact which "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned"). As both parties are Florida citizens, diversity jurisdiction is lacking in this case, and there is no other apparent basis for federal jurisdiction over this negligence action.

3. The Clerk is further directed to terminate all pending motions and deadlines and close this file.

**DONE AND ORDERED** in Jacksonville, Florida on November 8, 2018.

*Marcia Morales Howard*
MARCIA MORALES HOWARD
United States District Judge

lc11
Copies to:

Counsel of Record
Pro Se Parties

Clerk of Court, Fourth Judicial Circuit,
　　in and for Duval County, Florida